IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL REUVEN LEOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-732-GMS |
| | ) |
| SATINDER GIL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Gabriel Reuven Leor ("Leor"), who appears *pro se*, filed this lawsuit on

August 24 2015. (D.I. 2.) Jurisdiction is based upon diversity of citizenship. *See* 28 U.S.C.

§ 1331. Pending are motions to dismiss (D.I. 11, 14) filed by the defendants Santinder Gil

("Gil"), Fabian E. Rosado ("Rosado"), and Andrew Reamer ("Reamer") (the moving

defendants") and Leor's opposition (D.I. 13) to the motion filed by Gil and Rosado.

## II. BACKGROUND

In 2014, Enovative Technologies, LLC ("Enovative") brought an action against Leor, the

former chief executive officer ("CEO") of Enovative, in the United States District Court for the

District of Maryland ("Maryland District Court") alleging that Leor was engaged in conduct

purposely designed to economically damage and irreparably harm Enovative by hijacking

websites it used. *See Enovative Technologies, LLC v. Leor*, 622 F. App'x 212 (4ᵗʰ Cir. 2015).

During the course of the proceedings, the Maryland District Court twice cited Leor for contempt.

*See Enovative Technologies, LLC v. Leor*, 2015 WL 5738256 (D. Md. Sept. 29, 2015). Upon the

first citation, Leor was fined $1,000 per day until he complied with a previously entered

preliminary injunction order. *Id*. at *2. Leor was cited with contempt a second time after the

Maryland District Court determined that the fine (which had cumulatively amounted to

$104,000) had not succeeded in coercing Leor's compliance. *Id.* The Maryland District Court

suspended the fine (without erasing the debt owed by Leor) and issued a warrant for Leor's

arrest. *Id.* As of September 29, 2015, Leor remained a fugitive outside the United States. *Id.*

The arrest warrant remains in force until Leor personally appears in the Maryland District Court

and purges himself of contempt. *Id.* The Maryland District Court dismissed Leor's counterclaim

as an additional sanction in the second contempt citation. *Id.*

Leor commenced this action on August 24, 2015, during the pendency of the Maryland

District Court case. The complaint, dated August 13, 2015, and mailed from Tel Aviv, Israel,

states that Leor is a citizen and resident of Maryland for more than five years. (*Id.* at ¶¶ 1, 3.)

Leor states that his address is 9715 Village Lane #4, Ocean City, Maryland. However, it does not

appear that Leor resides in Maryland.[1]

On January 13, 2016, the court entered a show cause order why the complaint should not

be dismissed for failure to serve process within 120 days of filing the complaint, pursuant to Fed.

R. Civ. P. 4(m).[2] On January 13, 2016, the Clerk of Court received a letter from Leor who

---

[1]The court takes judicial notice that in August 2015, Leor filed a motion to stay the order of contempt in the United States Court of Appeals for the Fourth Circuit. *See Enovative Technologies, LLC v. Leor*, No. 15-1154 (4th Cir.) at D.I. 29. The filing, dated August 13, 2015 (the same date as the complaint filed in this court), provides an address for Leor in Bangkok, Thailand, not Ocean City, Maryland. The court takes further judicial notice that the property where Leor states he resides is the subject of a foreclosure action in the Circuit Court of Maryland, Worcester County, *Robins v. Gidalya Holdings*, LLC, 23C15001162. The property is described as "not owner-occupied residential real estate" and it was sold on January 25, 2016. *Id.* at Entries 1, 22. While Leor's latest filing in this court on March 9, 2016, continues to provide the Ocean City, Maryland address, he states that he spends time both in Thailand and in Israel where his wife and child relocated from Maryland. (D.I. 13, ¶ 22.)

[2]*See* November 23, 2015 Standing Order for the United States District Court for the District of Delaware, *In Re: Amendment to Fed. R. Civ. P. 4(m)*, reducing the period for effecting service from 120 to 90 days as applying to cases filed on or after December 1, 2015.

requested issuance of summonses and asked that the Clerk's Office forward the summonses to his process server. (D.I. 9.) Four defendants were served in February 2016. (*See* D.I. 17, 18, 19, 20.)[3]

The complaint alleges that Leor sold his business to Gil, Reamer, and the defendants Renny Griffith ("Griffith"), and Salman Mufti ("Mufti"), who incorporated Enovative, the limited liability corporation that sued Leor in the Maryland District Court. Leor alleges that he worked for Enovative for seven months and that all disputes alleged in the complaint arise from the sale of his business to Enovative and Leor's work as Enovative's CEO. The complaint states that Enovative's operating agreement includes a choice of forum clause with Delaware as the forum choice.[4]

The complaint alleges that Gil, Reamer, Griffith, Mufti, Rosado, and the defendant attorney Lori Ebersohl ("Ebersohl") are residents of the State of Virginia. The moving defendants state that at no time have they had any interest in, used, or possessed real property in the State of Delaware. (D.I. 11, Gil Decl. ¶ 3, Rosado Decl. ¶ 3; D.I. 15, Reamer Decl. ¶ 3.) They state that they do not transact business or perform any work or service in the State of Delaware, and have not done so at any time. (D.I. 11, Gil Decl. ¶ 4, Rosado Decl. ¶ 4; D.I. 15, Reamer Decl. ¶ 4.) They have not contracted to supply services or things in the State of Delaware. (D.I. 11, Gil Decl. ¶ 5, Rosado Decl. ¶ 5; D.I. 15, Reamer Decl. ¶ 5.) The moving

---

[3]On February 8, 2016, the court received a letter from Salman Mufti ("Mufti") who states that the summons seems to be directed to the wrong Salman Mufti, that he has nothing to do with anything mentioned in the summons, that he has no idea who these people are, and that he is a database administrator in a healthcare IT. (D.I. 10.) The affidavit of service indicates that Mufti was personally served at his sister's address and that Mufti told the process server "[h]e believes he is not the defendant." (D.I. 17.)

[4]Enovative is not a named defendant.

3

defendants have not contracted to insure or acted as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State of Delaware at the time of contract formation. (D.I. 11, Gil Decl. ¶ 6, Rosado Decl. ¶ 6; D.I. 15, Reamer Decl. ¶ 6.) They state that they do not regularly carry on or solicit any kind of business in the State of Delaware or engage in any other persistent course of conduct in the State, nor have they ever done so at any time. (D.I. 11, Gil Decl. ¶ 7, Rosado Decl. ¶ 7; D.I. 15, Reamer Decl. ¶ 7.) The moving defendants state that they have not engaged in activities directed at or derived substantial revenue from the Delaware market. (D.I. 11, Gil Decl. ¶ 8, Rosado Decl. ¶ 8; D.I. 15, Reamer Decl. ¶ 8.) Neither Gil, Rosado, nor Reamer are parties to Enovative's amended and restated operating agreement dated May 1, 2014 (the "operating agreement") entered into by Enovative and Leor. (D.I. 11, Rosado Decl. ¶ 9; D.I. 15, Reamer Decl. ¶ 9.)

Gill and Rosado filed a motion to dismiss on February 23, 2016, opposed by Leor. (D.I. 11, 12, 13.) On March 16, 2016, Reamer also filed a motion to dismiss. (D.I. 14, 15.) Reamer's motion is unopposed. Gill, Rosado, and Reamer move for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(5) on the grounds that they were not timely served, this court does not have personal jurisdiction over them, the District of Delaware is an inappropriate venue, and Leor is a fugitive who should not be allowed to avail himself of the protections of this court.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court may dismiss a suit for lack of jurisdiction over the person. Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del.

2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the court must determine if an exercise of jurisdiction violates [the defendants'] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). A plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

A plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from the defendants' activities within the forum state. In contrast, general jurisdiction does not require the defendants' connections be related to the particular cause of action, but that the defendants have continuous or systematic contacts with the forum state. *See American Bio Medica Corp. v. Penisula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. Aug. 3, 1999).

"[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* (citation omitted). A plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of

personal jurisdiction with actual proof, not mere allegations. *Id. see also Hurley v. Cancun Playa Oasis Int'l Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

### B.      Rule 12(b)(3)

A defendant seeking to dismiss a case for improper venue under Rule 12(b)(3) bears the burden of demonstrating that venue is improper. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982); *accord Continental Materials, Inc. v. Robotex, Inc.*, 2015 WL 1782053, at *2 (E.D. Pa. Apr. 17, 2015). In considering a motion to dismiss for improper venue, the court  accepts as true the allegations in the complaint, "although the parties may submit affidavits in support of their positions," and the court must "draw all reasonable inferences and resolve all factual conflicts in the plaintiff[']s favor. *Giuliano v. CDSI I Holding Co.*, 2014 WL 1032704, at *1 (E.D. Pa. Mar. 17, 2014).

### C.      Rule 12(b)(5)

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Prior to the December 1, 2015 amendments, Rule 4(m) imposed a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

"In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir. 1993)). Federal Rule of Civil Procedure 4(m), provides that "if a defendant is not served within [120] days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## IV.   DISCUSSION

### A.   Service

The moving defendants seek dismissal on the grounds that they were not timely served and, further, that Leor has not shown cause for his failure to timely effect service. Leor responds that once he paid the filing fee, the defendants were served in a reasonable time.

Leor's complaint was filed on August 24, 2015. (D.I. 2.) Accordingly, 120 days from August 24, 2015 provided Leor until December 22, 2015 to serve the defendants. Leor also filed a motion for leave to proceed *in forma pauperis* on the same date the complaint was filed. (D.I. 1.) The motion was denied on August 31, 2015. (D.I. 4.) Leor then filed a motion to make monthly filing fee payments. (D.I. 5.) That motion was denied on November 5, 2015, and Leor was ordered to pay the filing fee in full on or before December 4, 2015 (D.I. 6.) Leor paid the filing fee on November 30, 2015.

When the court docket did not reflect service by December 22, 2015, the court entered a show cause order on January 13, 2016, why the case should not be dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m). (D.I. 8.) On the same day, the court received a letter from Leor, dated December 30, 2015, requesting issuance of summonses for the defendants and that the issued summonses be sent to his process server. (D.I. 9.) Gil and Rosado were served on February 2, 2016, and Rosado was served on February 28, 2016. (D.I. 18, 19, 20.)

In his opposition to the motions to dismiss, Leor states that it was very difficult to locate the defendants for service, and he refers to exhibit 8, described as an email from a process server having difficulties serving Ebersohl. However, Leor's filing does not contain the exhibit to which he refers. Leor also states that the defendants used multiple addresses and purposely deceived the process server by using fake addresses and multiple offices. Again, Leor, provides only argument, with no evidence to support his position.

Generally, in determining whether to extend the time for service of process under Rule 4(m), the district court must first determine whether good cause exists for an extension of time. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If the court finds that good cause exists, then the court must extend time for service. *Id.* However, if the court determines that good cause does not exist, then the court may either dismiss the case without prejudice, or exercise its discretion to extend the time for service.[5] *Id.*

As to the first prong, whether good cause exists, "the court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecommunications*, 71 F.3d at 1097. A plaintiff must demonstrate good faith and "'some reasonable basis

---

[5]The court of appeals applies an abuse of discretion standard in reviewing the district court's decision. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

for noncompliance within the time specified in the rules.'" *Id.* (quoting *Petrucelli*, 46 F.3d at

1312). In order to show good cause, a plaintiff must demonstrate that he exercised diligence in

trying to effect service. *See Himmelreich v. United States*, 285 F. App'x. 5, 7 (3d Cir. 2008)

(unpublished) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993)). Factors a

court may consider in determining whether good cause exists include: (1) the reasonableness of

the plaintiff's efforts to serve; (2) prejudice to a defendant from untimely service; and

(3) whether the plaintiff moved for an enlargement of the time to serve. *See MCI*

*Telecommunications*, 71 F.3d at 1097.

As to the second prong, the court "may consider and balance several factors including:

(1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations;

(4) conduct of the defendant, (5) whether the plaintiff is represented by counsel; and (6) any other

relevant factor." *Jumpp v. Jerkins*, 2010 WL 715678, at *6 (D.N.J. March 1, 2010) (citing

*Chiang v. United States Small Bus. Admin.*, 331 F. App'x. 113, 116 (3d Cir. 2009))

(unpublished). A plaintiff "bears the burden of demonstrating to the court why it should exercise

its discretion" in deciding whether to extend time for service under Rule 4(m).[6] *Jumpp*, 2010

WL 715678, at *6 (citing *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d

Cir. 1998)).

As to the first prong, the court concludes that Leor has failed to demonstrate "good cause"

for his failure to timely serve the defendants. Because the complaint was filed on August 24,

2015, the 120 days provided by Rule 4(m) expired on December 22, 2015. During this time-

frame, the court denied Leor's request to proceed *in forma pauperis*. Even assuming that Leor

---

[6]The Third Circuit has repeatedly expressed its preference that cases be decided on the
merits whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

was waiting for the court to rule on his motion, he did nothing to effect service after the motion was denied on August 31, 2015. (*See* D.I. 4.) Instead, he filed a motion to pay the filing fee in installments and did not seek issuance of summonses until January 13, 2016, when he asked that the Clerk's Office mail the issued summonses to his process server, which it did on January 14, 2016. At no point in time did Leor seek additional time to serve the defendants.

A plaintiff's "disregard for . . . the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996); *see also Momah v. Albert Einstein Med. Ctr.*, 158 F.R.D. 66, 69 (E.D. Pa.1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule). In addition, Leor never filed a response to the January 13, 2016 show cause order why the case should not be dismissed for failure to timely serve. The deadline to do so was February 15, 2016. (D.I. 8.)

As to the second prong, the court finds the factors outlined above in *Chiang* weigh in favor of a discretionary extension of time to serve process in this case. The first factor is whether or not the defendants received actual notice of action. Here, the moving defendants were actually served, albeit late, weighing in favor of an extension. As to the second factor, prejudice to the defendant, the defendants have not alleged any prejudice arising from late service in the matter. The second factor, therefore, weighs in favor of an extension. The parties did not address the third factor, statute of limitations, and, therefore, the court assumes that it is not at issue. As to the fourth factor, conduct of the defendant, Leor argues that the defendants took actions to evade service. However, Leor provided no evidence to support his argument. As to the fifth factor, Leor proceeds *pro se*. Finally, there are other relevant factors that weigh against an extension of

10

time to effect service as discussed below, including lack of personal jurisdiction, improper venue, and failure to respond to the court's show cause order. The court is mindful of the Third Circuit's preference that cases be decided on the merits, and giving due consideration to the above factors, the court finds that a discretionary extension of time to perfect service of process is warranted in this case as to those defendants who have already received service of summons and the complaint. Accordingly, the court will deny the defendants' motions to dismiss pursuant to Fed. R. Civ. 12(b)(5).

### B.    Personal Jurisdiction

The moving defendants seek dismissal on the grounds that this court does not have personal jurisdiction over them. Leor responds that the Enovative operating agreement "clearly states that any legal remedies needed would be taken in the Delaware court." Leor's position is that as far as he is concerned he is still a Class B member of Enovative, that he never had the opportunity to argue against the letter terminating his membership, and that "only a Delaware Court is competent to do so, and not a Maryland court." (D.I. 13 at ¶ 28.) The court takes judicial notice that the Maryland District Court held an evidentiary hearing, wherein Leor participated and presented evidence, and it determined that Leor's membership interest was properly terminated and that diversity jurisdiction existed in the Maryland lawsuit. (*See* D.I. 16, ex. A at 40-43.)

The moving defendants argue that the complaint is completely devoid of any facts to support the assertion of personal jurisdiction over them and that Leor has failed to demonstrate either specific or general jurisdiction. The moving defendants note that the complaint alleges

11

occurrences in the State of Maryland, not Delaware. In addition, the moving defendants submitted declarations to support their positions that general jurisdiction does not exist.

As previously mentioned, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident Nat'l Bank*, 819 F.2d at 437. This, Leor has failed to do. Even taking Leor's averments as true, as this court is required to do pursuant to Rule 12(b)(2), the complaint makes no mention of any occurrence in Delaware. It does however, refer to actions that allegedly took place in Virginia, Maryland, and China. Leor argues that Rosado and Gil do business on a weekly basis in the State of Delaware, that they sell their products on the internet to Delaware customers, operate kiosks in malls in Delaware, participate in annual trade shows in Delaware, rent cars from rental car branches in Delaware, and that their office in Maryland is a mere five miles from the Delaware State line. Leor provided no evidence to support his position, and he failed to contravene the sworn statements of the moving defendants.

In addition, Leor argues that Rosado and Gil chose the Delaware forum in the operating agreement and they are the individuals who incorporated Enovative in Delaware. The operating agreement upon which Leor relies is between Enovative and the members listed in its Schedule A.[7] (D.I. 13, ex. at operating agreement.) The Schedule A members include Right Start Capital

---

[7]The operating agreement provides that the agreement shall be construed and enforced in accordance with the laws of the Limited Liability Company Act of the State of Delaware and the laws of the State of Delaware with regard to the conflict of laws provisions thereof. (D.I. 13, ex. operating agreement at ¶ 10.1.) Leor's employment agreement with Enovative also contains a governing law and venue clause that provides the agreement shall be governed by and construed in accordance with the laws of the State of Maryland applicable to contracts made and to be performed wholly within the state, and without regard to the conflicts of laws principles thereof. (D.I. 13, ex. employment agreement, ¶ 10.9.) The employment agreement also provides,

12

Partners Fund I, LLC ("Right Start"), Leor, and Michal Pawlowski ("Pawlowski").  Notably, none the defendants named in this action are parties to the operating agreement and, therefore, it is in applicable to them.  Moreover, even were the operating agreement controlling, paragraph 10.1, the governing law; venue clause, provides that "any and all disputes or claims arising from or under this agreement shall be subject solely to the jurisdiction of the Delaware Court of Chancery."  Leor did not comply with the terms of the agreement given that he commenced an action in this court and not the Delaware Court of Chancery.

Leor did not present any competent evidence in support of his complaint to meet his burden of proof showing that this court has personal jurisdiction over the moving defendants. Thus, Leor failed to meet his burden to establish that either specific or general personal jurisdiction exists.  Because Leor has not demonstrated a basis for personal jurisdiction, the court will dismiss the complaint as to the moving defendants.

**C.    Venue**

The moving defendants also seek dismissal on the grounds of improper venue.  They argue there are no grounds for venue in the District of Delaware and there are other judicial districts where venue properly exists, namely, Maryland.  While not clear, Leor seems to rely upon the operating agreement, which as discussed above is inapplicable to this case, to support venue in this court.  (*See* D.I. 13 at 7-8.)

Under 28 U.S.C. § 1391, where jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:  (1) a judicial district where any defendant resides, if all defendants reside in

---

"[e]xcept as provided in Section 5, any suit brought hereon shall be brought in the state or federal courts in and for Wicomico County, Maryland."  (*Id.*)  Leor mentioned the employment agreement's forum clause in the complaint (D.I. 2 at ¶ 40), but makes no mention of it in his opposition to the motion to dismiss.

the same State; (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the

time the action is commenced, if there is no district in which the action may otherwise be

brought. 28 U.S.C. § 1391(a)(1)-(3). The "defendant[s] . . . bear the burden of showing

improper venue." *Myers v. American Dental Ass'n*, 695 F.2d at 724-25.

As alleged in the complaint, none of the defendants reside in Delaware. Nor do the

allegations in the complaint provide that events or omissions giving rise to Leor's claims

occurred in Delaware. Finally, Leor may bring this action in Maryland District Court, a court

that is familiar with Leor's claims and a court that has ruled on issues related to the instant

complaint. The moving defendants have satisfied their burden to show that venue is not proper

here. Leor failed to rebut the evidence submitted by the defendants. Therefore, the court will

grant the moving defendants' motions to dismiss to the extent that they seek dismissal of the

complaint for improper venue pursuant to Rule 12(b)(3).

### D.    Show Cause

As discussed above, on January 13, 2016, the court ordered Leor to show cause why the

complaint should not be dismissed for failure to timely serve the defendants pursuant to Fed. R.

Civ. P. 4(m). Leor did not file a response to the show cause order nor has he ever sought

additional time to serve the defendants. Therefore, the court finds that Leor has failed to show

cause why this case should not be dismissed for failure to serve process as ordered by the court as

to the unserved defendants Griffith and Ebersohl. (*See* D.I. 8.)

14

## V.    CONCLUSION

For the above stated reasons, the court will:  (1) grant the defendants' motions to dismiss

pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b) (D.I. 11, 14);[8] (2) dismiss the defendants Renny

Griffith and Lori Ebersohl for failure to show cause why this case should not be dismissed for

failure to serve process as ordered by the court; and (3) dismiss the complaint without prejudice

for improper venue.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____ 17 , 2016
Wilmington, Delaware

---

[8] Given this disposition, the court does not reach the moving defendants' request to
dismiss on the basis of the fugitive disentitlement doctrine.  In addition, the court observes that
the instant complaint is almost identical to the counterclaim Leor filed against Enovative in the
Maryland District Court.  The counterclaim was dismissed as a contempt sanction.  Although not
raised, it may be that the claims in the instant complaint are barred by reason of *res judicata* or
collateral estoppel.  *See e.g.*, *McCarter v. Mitcham*, 883 F.2d 196, 199-200 (3d Cir. 1989) (*res
judicata* is especially likely to apply in prior case dismissed as a sanction for untimely delay and
failure to obey court order).

15